UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TERRANCE P. MARTIN and <br> DEANDRE D. BROWN, <br><br> Defendants. | Case No. 09-cr-40082-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Terrance P. Martin's motions for disclosure of affidavits used to obtain search warrants in this case (Doc. 80) and for disclosure of *Brady* and *Giglio* information (Doc. 81). The government has responded to the second motion (Doc. 85).

As a preliminary matter, the Court notes that there is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *see Gray v. Netherland*, 518 U.S. 152, 168 (1996). However, Rule 16 of the Federal Rules of Criminal Procedure and constitutional due process regarding exculpatory material allow criminal defendants limited access to information regarding the government's case.

The Court's Order for Pre-Trial Discovery and Inspection (Doc. 21) instructs the parties to attempt to resolve discovery disputes without recourse to the Court. If the parties have tried to resolve their disputes and have been unable to do so, the Court allows them to file a motion for discovery and a brief in support of the motion within 28 days of the arraignment. Any motion filed with the Court must contain a statement that a discovery conference was held and that agreement could not be reached concerning the discovery or inspection that is the subject of the

motion.  The defendant has not complied with this order in that he failed to include the statements required regarding attempts to resolve discovery disputes without recourse to the Court.

Even if the defendant had met all of the technical requirements, the Court would deny the motion for the following reasons.  To the extent that the defendant requests material required to be produced pursuant to Federal Rule of Criminal Procedure 16, the requests are moot in light of the government's open file policy and absent an indication that the government is not complying with that rule.  To the extent that the defendant requests material required to be produced by *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972), the government has acknowledged its continuing obligations under those cases.  It has been repeatedly held that where the government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient.  *See Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999); *see, e.g., United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992).  To the extent that the defendant requests information beyond that required to be produced under Rule 16, *Brady* or *Giglio*, the request is overbroad and would be denied.

For the foregoing reasons, the Court **DENIES** Martin's motions for disclosure (Docs. 80 & 81).  Pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H), the Court finds that the period from September 17, 2010, the date Martin filed the motions for disclosure, up to and including the date of this order, allows a reasonable period for prompt resolution of the motion, *Henderson v. United States*, 476 U.S. 321, 329-31 (1986), and is **EXCLUDABLE** under the Speedy Trial Act.

**IT IS SO ORDERED.**
**DATED:  October 20, 2010**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**