UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERRANCE P. MARTIN and<br>DEANDRE D. BROWN,<br><br>　　　　Defendants. | Case No. 09-cv-40082-JPG |

## MEMORANDUM AND ORDER

　　This matter comes before the Court on defendant Terrance P. Martin's motion in limine asking the Court to bar admission of incriminating statements made by Martin's co-defendant Deandre D. Brown (Doc. 78). The government has responded to the motion (Doc. 84). At the same time, the government asks the Court to sever the trials of the two defendants because each has made statements incriminating the other and will not be available for cross-examination if he chooses not to testify (Doc. 83). Severing the trial of the two defendants as requested by the government would eliminate the concerns raised in Martin's motion in limine.

　　Federal Rule of Criminal Procedure 8(b) allows the joinder of two or more defendants in a single trial.[1] There is a preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials promote efficiency and go far to prevent the scandal and inequity of inconsistent verdicts among co-

---

　　[1]Rule 8(b) provides:

　　**Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

defendants.  *Id.*  However, Federal Rule of Criminal Procedure 14(a) provides that a court may sever co-defendants' trials if a defendant or the government is prejudiced by such a joinder.[2]  Working together, "Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'"  *Id.* at 540 (quoting *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968) (internal quotations omitted)).

A court should grant severance under Rule 14(a) only if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Id.* at 539.  Rule 14(a) leaves the determination of risk of prejudice from a joint trial and any remedy that may be necessary to the sound discretion of the district court.  *Id.*  Serious risks that may warrant severance occur, for example, where the government introduces a co-defendant's statement that inculpates the defendant but where the co-defendant does not testify and is therefore unavailable for the defendant to exercise his confrontation clause rights by cross-examining him.  *See Lilly v. Virginia*, 527 U.S. 116 (1999);  *Bruton v. United States*, 391 U.S. 123 (1968).

Here, the government intends to use statements Brown made against Martin and vice versa.  Severance is appropriate in this case to ensure each defendant's confrontation clause rights are preserved.  Accordingly, the Court **GRANTS** the government's motion to sever (Doc. 83) and **DENIES** Martin's motion in limine (Doc. 78).  Defendant Martin will be tried on the

---

[2]Rule 14(a) provides:

> **Relief.**  If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

current trial date of November 15, 2010.  Defendant Brown will be tried on December 6, 2010.

Pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H), the Court finds that the period from October 2, 2010, the date the government filed the motion to sever, up to and including the date of this order, allows a reasonable period for prompt resolution of the motion, *Henderson v. United States*, 476 U.S. 321, 329-31 (1986), and is **EXCLUDABLE** under the Speedy Trial Act.

**IT IS SO ORDERED.**
**DATED:  October 28, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

3