IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 09-cr-40082-JPG-001 |
| ) | |
| TERRANCE P. MARTIN, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This cause coming before the Court on the Motion to Dismiss (Doc. 92) filed by the defendant, TERRANCE P MARTIN. Martin asks the Court to dismiss the indictment on the grounds that he was not indicted within thirty days of his arrest as required by the Speedy Trial Act, 18 U.S.C. § 3161(b). Martin was arrested on October 2, 2009, and was indicted on December 8, 2009, sixty-seven days later. The Government has responded to the motion (Doc. 93), arguing that Martin's arrest did not trigger the thirty-day requirement of the Speedy Trial Act.

It is true that the Speedy Trial Act requires the Government to indict a defendant within thirty days from the date on which he was arrested. 18 U.S.C. § 3161(b). However, the Seventh Circuit Court of Appeals has held that an arrest by state officers does not trigger the thirty-day period. *United States v. Janik*, 723 F.2d 537, 542 (7th Cir. 1983). Furthermore, the thirty-day period does not start to run unless a criminal charge has been lodged. *Id.*

In this case, Martin does not claim he was arrested by any federal officer, and the Government has asserted Martin's arrest was by state officers. Furthermore, there were no federal charges lodged against Martin in this case until his indictment on December 8,

2009.  Consequently, under *Janik*, Martin's October 2, 2009, arrest did not start his thirty-day period under the Speedy Trial Act.  For this reason, the Court **DENIES** Martin's motion to dismiss the indictment (Doc. 92).

**IT IS SO ORDERED.**
**DATED:  November 4, 2010**

                                        s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **U. S. DISTRICT JUDGE**